Honorable Paul Cromwell Chairman Board of Pardons Paroles Room 711, Stephen F. Austin Building Austin, Texas 78701
Re: Representation of inmates by legislators before the Board of Pardons Paroles.
Dear Mr. Cromwell:
You inquire about the circumstances under which members of the Texas Legislature may represent inmates of Texas prisons before the Board of Pardons and Paroles. Before granting parole to a prisoner, the Board may interview him. Code Crim. Proc. art.42.12, § 15(c). By Board rule, inmate interviews are conducted privately and not as public hearings, a practice expressly permitted by the Texas Open Meetings Act. V.T.C.S. art. 6252-17, § 2(p). Any person who represents an inmate in his interview with the Board must submit an affidavit stating whether he has received or will receive a fee for his services. Code Crim. Proc. art. 42.12, § 18.
You ask whether legislators may represent inmates for a fee in connection with such proceedings in view of the following provision:
 (a) No member of the legislature shall, for compensation, represent another person before a state agency in the executive branch of state government unless:
 (1) the representation is made in a proceeding that is adversary in nature or other public hearing which is a matter of record. . . .
V.T.C.S. art. 6252-9b, § 7.
The Board of Pardons and Paroles is a state agency in the executive branch. See V.T.C.S. art. 6252-9b, § 2, (5)(A)(xiv) and (8)(A)(i). An inmate interview is neither public nor adversary; therefore, members of the Legislature may not represent inmates in such an interview for a fee.
You also ask whether the Board may refuse to allow legislators who are receiving a fee to represent inmates of the Texas Department of Corrections. The Board has power to make rules respecting the interviews. Article 42.12 of the Code of Criminal Procedure provides in part:
 The Board may adopt such other reasonable rules not inconsistent with law as it may deem proper or necessary with respect to . . . the conduct of parole hearings. . . .
Sec. 15(d).
The Board shall formulate rules as to the submission and presentation of information and arguments to the Board for and in behalf of any persons within the jurisdiction of the Board.
Sec. 18. Under these provisions we believe the Board may adopt rules governing the qualifications of persons who represent inmates before it; however, in order to be valid, an administrative rule discriminating between persons must have a reasonable basis related to the purpose of the rule. Railroad Commission v. Shell Oil Co., 161 S.W.2d 1022, 1026 (Tex. 1942); Ground Water Conservation Dist. no. 2 v. Hawley, 304 S.W.2d 764,767 (Tex.Civ.App.-Amarillo 1957) writ ref'd n.r.e. per curiam,306 S.W.2d 352 (Tex. 1957). A rule forbidding legislators from representing inmates for a fee in closed proceedings before the Board merely reflects the statutory prohibition of article 6252-9b, and we believe it would be found to be reasonable. Of course, neither the rule nor the statute prohibit appearances by legislators when no fee is involved.
 SUMMARY
Article 6252-9b, section 7 prevents legislators from representing inmates for a fee in private interviews with the Board of Pardons and Paroles. The Board may make a rule forbidding legislators from representing inmates for a fee in proceedings which are either nonadversary or non-public.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee